1    Your name: Jeffrey Sandel

2    Address: 7915 Geary Blvd.

3    San Francisco, CA 94121

4    Phone Number: 415-930-6261

5    Fax Number: 415-930-6261

6    E-mail Address: jeffwaynesandel@gmail.com

7    Pro Se   [*Plaintiff – JEFFREY WAYNE SANDEL* ]

**FILED**

**FEB 17 2022**

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

JSC

8              **UNITED STATES DISTRICT COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA**

10                      [*San Francisco*]

11   JEFFREY WAYNE SANDEL

CV 22   00981

12   _____   Case Number: _____

13   _____

14            Plaintiff(s),

15        vs.

16   AZTEC WELL SERVICING, INC. _____

17   _____

18   _____

19   _____

20   _____

21            Defendant(s).

22   _____

*Title of Document:*

COMPLAINT AGAINST AZTEC WELL
SERVICING, INC. FOR BREACHES OF
FIDICUARY DUTIES AND ISSUES
RELATED TO ACCOUNTING OF
BUSINESS AND FAMILY TRUSTS
(CHAMBERS)

23   1.   **Jurisdiction**. The court has Diversity Jurisdiction because the Plaintiff has lived in

24        California since 1987 and has been a legal resident of California since then. Also, the

25        Defendant Aztec Well Servicing, Inc. is located in New Mexico, and has operated there

26        as its headquarters, since around 1963. Finally, the Amount in Controversy exceeds

27   TITLE OF DOCUMENT: COMPLAINT AGAINST AZTEC WELL SERVICING INC. FOR
28   BREACHES OF FIDICUARY DUTIES AND ISSUES RELATED TO ACCOUNTING OF
     BUSINESS AND FAMILY TRUSTS _____   CASE NO.: _____
     _____

$75,000. Aztec Well Servicing, Inc had grossed over 100 Million dollars annually, for several years, preceding the Great Recession of 2005.

2. **Venue.** Venue is appropriate in this court because the defendant's actions have significant effects in California, due to actions that have placed substantial emotional distress to the plaintiff in California, particularly in the county of San Francisco and a substantial part of the events or omissions giving rise to the claim occurred have occurred in this County. The Plaintiff resides in San Francisco, California at 7915 Geary Boulevard. The Plaintiff's principal place of business is also located in San Francisco, California.

3. **Intradistrict Assignment**. This lawsuit should be assigned the San Francisco Division of this court because a substantial part of the events which give rise to this lawsuit occurred in San Francisco County while the plaintiff was working and residing there.

4. Plaintiff Jeffrey Wayne Sandel is a self-employed information technology worker project manager and business owner of a small business.
   Defendant Aztec Well Servicing, Inc. is a privately owned family business started in 1963, by the plaintiffs' deceased grandparents, Sally Sandel and Daniel Wayne Sandel. The Business Trust and Family Trust are administered by the plaintiffs legal father Jerry Wayne Sandel, who sits as the President of Aztec Well Servicing, Inc. and the plaintiffs two siblings Jason Wayne Sandel and Michell M'lle Sandel are future co-trustees of the Sandel Family Trust which incorporates all assets of Aztec Well Servicing, Inc. and currently sit as co-owners/officers of Aztec Well Service and the family of companies that are owned by the Sandel family, including Triple S Trucking and Totah Rental, both

TITLE OF DOCUMENT: <u>COMPLAINT AGAINST AZTEC WELL SERVICING INC. FOR BREACHES OF FIDICUARY DUTIES AND ISSUES RELATED TO ACCOUNTING OF BUSINESS AND FAMILY TRUSTS</u>                                    CASE NO.: _____

of these companies were founded by the plaintiffs grandparents and have existed in the state of New Mexico since around the seventies.

5. The Plaintiff, Jeffrey Wayne Sandel, has been harmed by the Defendant Aztec Well Service, Inc. or the representatives hereof by the omissions made by the defendant in not reporting the accounting and information regarding the business trust in question whrich contains the information of the inheritances in the plaintiff's name, established by the original owner Daniel Wayne Sandel, the plaintiff's legal grandfather

6. The Plaintiff has repeatedly requested the contents of the Business Trust of Aztec Well Servicing, Inc. from the defendant's legal service agent, Mr. Chris Ochoa, without a response from the Defendant. The Plaintiff called Mr. Ochoa directly at his office at Aztec Well Service, Inc., to confirm that Mr. Ochoa had received the plaintiff's request, which was confirmed by Mr. Ochoa. However, as of today absolutely no information has been received by the plaintiff. And no communication has occurred with the plaintiff from any of the defendant or representative's hereof Aztec Well Servicing, Inc. of whose headquarters is located in Aztec, New Mexico. (**EXHIBIT A**)

7. The former General Counsel from Aztec Well Service, Inc., Mr. Curtis Gurley,, is currently the Chief of District Judges in the eleventh district of San Juan County, in which the Business Trust of Aztec Well Service, Inc., was created, formed and is currently headed. Mr. Gurley has opposed the Plaintiff on several other lawsuits filed in the County of San Juan, New Mexico, including    "No.A-1-CA-36397" *Sandel      v. Sandel,* 463 P.3d 510, (N.M. Ct. App. 2020), and *Jeffrey Sandel v. Jerry W. and Nancy M. Sandel Revocable Trust.* D-1116-CV-201500367    and has acted as a witness opposing the Plaintiff, in a highly litigious paternity case for timeshare of the plaintiff's adult son, *Sandel vs. Alden* BF801204 before the plaintiff's son was an adult, in Los Angeles County, California.

TITLE OF DOCUMENT: COMPLAINT AGAINST AZTEC WELL SERVICING INC. FOR BREACHES OF FIDICUARY DUTIES AND ISSUES RELATED TO ACCOUNTING OF BUSINESS AND FAMILY TRUSTS _____ CASE NO.: _____

8.  Several lawsuits have been filed by the petitioner is San Juan County, New Mexico, versus the Jerry Sandel the President of Aztec Well Service and trustee of the estate from which the Plaintiff is suing. All but one of which have been subject to blanket recusals by all of the San Juan County judges, causing the cases to be transferred to McKinley County, a neighboring county, of San Juan County, which sits in the same eleventh district as San Juan. The County of McKinley has only three district court judges who have strongly favored the defendant's in all litigation that had occurred there and District Court Judge Robert A. Aragon, awarded both of the defendant's orders of protection, for life, against the plaintiff for phone calls left on the defendant's voice mail in 2009 regarding child concealment claims the plaintiff made against the mother of the plaintiffs now adult son.   The defendants chief representative, president, owner, and trustee Jerry Sandel and Jason Sandel executive vice president and future co-trustee of the estate in question   were able to use these orders of protection, against the plaintiff, in 2019, to have the Plaintiff arrested for multiple phone call voice mails, made to the defendant on behalf of the plaintiffs dead mother, and the Plaintiff subsequently received five years' probation for the voice mails left by him, in a plea bargain the plaintiff had to make with the court, due to a massive amount of harassment, spying, and stalking that was made against the Plaintiff who was ordered to wear a GPS bracelet at all times by the court. The GPS bracelet however, was damaged and fell off. The Plaintiff painstakingly consulted with the Assistant District Attorney, in the case, and an attorney friend and the plaintiff knowing that due to the GPS bracelet failure, that he would be arrested and returned to San Juan County where the Plaintiff had suffered an asphyxiation attack and nearly died. Which was perpetrated by the hands of the owners of Aztec Well Servicing, Inc., the company in question, one hour after the plaintiff conferenced in person in Aztec, New Mexico, with the prosecutor in the plaintiff's misdemeanor case,      Dustin O'Brien, Esq., Chief Deputy District Attorney, of whom offered the plaintiff a plea

TITLE OF DOCUMENT: COMPLAINT AGAINST AZTEC WELL SERVICING INC. FOR BREACHES OF FIDICUARY DUTIES AND ISSUES RELATED TO ACCOUNTING OF BUSINESS AND FAMILY TRUSTS                              CASE NO.: ____

PAGE NO. 4  OF __17__   [JDC TEMPLATE]

1  bargain, which included FIVE years of probation and not contacting the owners of this

2  now basically defunct company or their respective families at all.

3  9. The Defendant's actions have placed substantial emotional distress on the plaintiff, in

4  order to keep the plaintiff, from suing the defendants. The defendant has committed the

5  tort of stalking the plaintiff, and have placed the plaintiff under surveillance, which has

6  included committing trespasses in order to capture types of visual images, sound

7  recording, or other physical impression of the plaintiff engaging in a private, personal, or

8  familial activity of which invasions occurred in a manner that is offensive to a reasonable

9  person.

10

11  **CLAIMS**

12  **CLAIM 1** –Breach of Trust, for failure to report and inform.

13  NM Stat § 46A-8-813 (1996 through 1st Sess 50th Legis) 46A-8-813. Duty to inform

14  and report.   A. A trustee shall keep the qualified beneficiaries of the trust

15  reasonably informed about the administration of the trust and of the material

16  facts necessary for them to protect their interests. Unless unreasonable under

17  the circumstances, a trustee shall promptly respond to a beneficiary's request

18  for information related to the administration of the trust.

19  10. B. A trustee:

20  11. (1) upon request of a beneficiary, shall promptly furnish to the beneficiary a copy of the

21  trust instrument;

22  12. (2) within sixty days after accepting a trusteeship, shall notify the qualified beneficiaries

23  of the acceptance and of the trustee's name, address and telephone number;

24  13. (3) within sixty days after the date the trustee acquires knowledge of the creation of an

25  irrevocable trust, or the date the trustee acquires knowledge that a formerly revocable

26  trust has become irrevocable, whether by the death of the settlor or otherwise, shall notify

27

28  TITLE OF DOCUMENT: COMPLAINT AGAINST AZTEC WELL SERVICING INC. FOR
BREACHES OF FIDICUARY DUTIES AND ISSUES RELATED TO ACCOUNTING OF
BUSINESS AND FAMILY TRUSTS _____ CASE NO.: _____

the qualified beneficiaries of the trust's existence, of the identity of the settlor or settlors, of the right to request a copy of the trust instrument and of the right to a trustee's report as provided in Subsection C of this section; and

14. (4) shall notify the qualified beneficiaries in advance of any change in the method or rate of the trustee's compensation.

15. C. A trustee shall send to the distributees or permissible distributees of trust income or principal, and to other qualified or nonqualified beneficiaries who request it, at least annually and at the termination of the trust, a report of the trust property, liabilities, receipts and disbursements, including the source and amount of the trustee's compensation, a listing of the trust assets and, if feasible, their respective market values. Upon a vacancy in a trusteeship, unless a co-trustee remains in office, a report must be sent to the qualified beneficiaries by the former trustee. A personal representative, conservator or guardian may send the qualified beneficiaries a report on behalf of a deceased or incapacitated trustee.

16. D. A beneficiary may waive the right to a trustee's report or other information otherwise required to be furnished under this section. A beneficiary, with respect to future reports and other information, may withdraw a waiver previously given.

17. E. Paragraphs (2) and (3) of Subsection B of this section do not apply to a trustee who accepts a trusteeship before July 1, 2003, to an irrevocable trust created before July 1, 2003 or to a revocable trust that becomes irrevocable before July 1, 2003.

18. F. A knowing waiver by a settlor of the duties of the trustee to inform and report to beneficiaries under the Uniform Trust Code [46A-1-101 NMSA 1978] is effective, but only while the trustee is a regulated financial service institution qualified to do trust business in New Mexico. The knowing waiver must be conspicuous, must be contained in the terms of the trust or of a separate affidavit signed by the settlor and must state that the settlor has been informed of the risks and consequences of the waiver and that the

TITLE OF DOCUMENT: COMPLAINT AGAINST AZTEC WELL SERVICING INC. FOR BREACHES OF FIDICUARY DUTIES AND ISSUES RELATED TO ACCOUNTING OF BUSINESS AND FAMILY TRUSTS _____ CASE NO.: _____

settlor nevertheless directs that the reports and information be withheld by the trustee. As used in this subsection, "conspicuous" means conspicuous as defined in Section 55-1-201 NMSA 1978. The knowing waiver may direct that the reports and information be withheld:

19. (1) in whole or in part;

20. (2) from one or more beneficiaries or classes of beneficiaries, qualified or otherwise;

21. (3) in all events;

22. (4) until the occurrence of a date, event or contingency;

23. (5) in the sole and absolute discretion of the trustee or another person or both; or

24. (6) subject to more than one of the restrictions in Paragraphs (1) through (5) of this subsection.

**CLAIM 2 – Breach of Trust for breaching fiduciary duty.**

NM Stat § 46A-10-1002 (2019) 2020 New Mexico Statutes

Chapter 46A - Uniform Trust Code

Article 10 - Liability of Trustees and Rights of Persons Dealing with Trustees

Section 46A-10-1002 - Damages for breach of trust.

A. A trustee who commits a breach of trust is liable to the beneficiaries affected for the greater of:

(1) the amount required to restore the value of the trust property and trust distributions to what they would have been had the breach not occurred; or

(2) the profit the trustee made by reason of the breach.

B. Except as otherwise provided in this subsection, if more than one trustee is liable to the beneficiaries for a breach of trust, a trustee is entitled to contribution from the other trustee or trustees. A trustee is not entitled to contribution if the trustee was substantially more at fault than another trustee or if the trustee committed the breach of trust in bad faith or

TITLE OF DOCUMENT: COMPLAINT AGAINST AZTEC WELL SERVICING INC. FOR BREACHES OF FIDICUARY DUTIES AND ISSUES RELATED TO ACCOUNTING OF BUSINESS AND FAMILY TRUSTS                                        CASE NO.: _____

with reckless indifference to the purposes of the trust or the interests of the beneficiaries. A trustee who received a benefit from the breach of trust is not entitled to contribution from another trustee to the extent of the benefit received.

**History:** Laws 2003, ch. 122, § 10-1002; 2007, ch. 128, § 26.

**ANNOTATIONS**

**The 2007 amendment,** effective July 1, 2007, added Subsection A and amended Subsection B to add the exception.

**Restoration damages and disgorgement damages may be awarded together when there is a breach of trust.** — When there is a breach of trust, the loss to the beneficiaries and the profit by the trustee are distinct harms that traditionally give rise to different types of damages: restoration and disgorgement. Each has its own remedial purpose, and both may be awarded if necessary to satisfy each purpose fully by compensating the trust and removing all profit from the trustee's self-dealing. The measure of disgorgement is the amount of defendant's gain, and a beneficiary need not suffer any loss at all to be entitled to the remedy. Disgorgement is not intended to compensate beneficiaries but to prevent unjust enrichment of the trustee and to deter that trustee and others from similar conduct. Damages for unjust enrichment differ from compensatory damages in that the measure and limit of compensatory damages is the plaintiff's loss or injury, while the measure of restitution is the defendant's gain or benefit. Miller v. Bank of America, 2015-NMSC-022, *rev'g* 2014-NMCA-053, 326 P.3d 20.

Where trustee bank, in a breach of its duty of care, invested trust assets in an unproductive commercial building in direct violation of express trust provisions, which caused an $894,000 loss in the value of the trust, arranged loans to the trust from the bank's own affiliates that were secured by mortgages on the building, and collected loan fees and mortgage interest from the trust in breach of its duty of loyalty, and where the district court awarded $171,000 in damages without discussing the actual method of calculation for the

TITLE OF DOCUMENT: <u>COMPLAINT AGAINST AZTEC WELL SERVICING INC. FOR BREACHES OF FIDICUARY DUTIES AND ISSUES RELATED TO ACCOUNTING OF BUSINESS AND FAMILY TRUSTS</u>_____ CASE NO.: _____

PAGE NO. 8 OF   17    [JDC TEMPLATE]

1   restoration award, the court of appeals reversed the district court and awarded plaintiffs

2   $894,000 to restore the value of the trust, but did not award disgorgement damages, holding

3   that an award of restoration damages and disgorgement damages would amount to a double

4   recovery. The New Mexico supreme court reversed the court of appeals, holding that both

5   restoration and disgorgement damages were required under the New Mexico Uniform Trust

6   Code, and remanded the case back to the district court for a recalculation of damages because

7   it was unclear whether disgorgement damages, the mortgage interest and loan fees paid to the

8   trustee, were included in the calculation of the restoration award. Miller v. Bank of America,

9   2015-NMSC-022, *rev'g* 2014-NMCA-053, 326 P.3d 20.

10   **Breach of duty.** — Where decedent created testamentary trusts for generation of income

11   for beneficiary distribution and preservation of the value of the principal assets for

12   distribution to plaintiffs upon the death of the decedent's spouse; the will prohibited

13   defendant from investing in unproductive assets; in 1991, defendant purchased a commercial

14   building as an asset of the trusts; by 1995, defendant became aware that the building was

15   unproductive of net income and a drain on the income and other assets of the trusts;

16   defendant continued to invest in the building despite its status as a wasting asset and obtained

17   plaintiffs' consent to obtain a loan to renovate the building and to sell trust assets to reduce

18   the loan balance; at the end of 1991, the net value of the trusts was $669,996; at the end of

19   2003, the net value of the trusts was effectively zero; defendant had very little experience

20   with commercial property management and never disclosed the building's unproductive

21   status to plaintiffs; and plaintiffs were unaware of all the material facts regarding the building

22   and did not fully consent to defendant's conduct, defendant breached its fiduciary duty and

23   was liable for damages to plaintiffs resulting from the decline in the value of the trusts.

24   Miller v. Bank of America, N.A., 2014-NMCA-053, cert. granted, 2014-NMCERT-005.

25   **Inflationary adjustment of restoration damages and prejudgment interest.** — Where

26   defendant mismanaged trust assets and breached its fiduciary duty by improperly depleting

27

28   TITLE OF DOCUMENT: COMPLAINT AGAINST AZTEC WELL SERVICING INC. FOR
BREACHES OF FIDICUARY DUTIES AND ISSUES RELATED TO ACCOUNTING OF
BUSINESS AND FAMILY TRUSTS _____ CASE NO.: _____

trust assets for the purpose of improving an unproductive commercial building; the net value of the trust assets declined from $669.996 at the end of 1991 to a net value that was effectively zero at the end of 2003; the district court awarded plaintiffs restoration damages of $894.000. based on a standard adjustment for inflation from 1991 to June 1. 2004 when the trust assets were distributable to plaintiffs, plus prejudgment interest from June 1, 2014, the inflation adjustment did not constitute a double recovery and overlap the recovery of prejudgment interest because the inflation adjustment was required to keep plaintiffs whole and to calculate the amount needed to restore the real value of the trust for the period 1991 to June 1, 2004 and the prejudgment interest compensated plaintiffs for the use of the value of their trust shares from June 1, 2004 until judgment was entered. Miller v. Bank of America, N.A., 2014-NMCA-053, cert. granted, 2014-NMCERT-005.

**Offset of damages for income distributions.** — Where defendant retained a commercial building during defendant's entire term as trustee even though the building was a wasting asset; defendant depleted trust assets and borrowed funds to renovate the building; during defendant's term as trustee, the return on trust assets was negative and the net value of trust assets decline substantially; despite the negative return on trust assets, defendant further depleted trust assets by paying $404,421 as income distributions to the beneficiaries; and the proper measure of damages for defendant's breach of its fiduciary duties was the amount required to restore the value of the trust estate and all of its income distributions to what they would have been if the trust had been properly managed, defendant was not entitled to an offset of the income distributions against compensatory damages because defendant offered no evidence that the income distributions exceeded the amount that would have been actually received by plaintiffs if defendant had timely sold the building and properly invested the principal in assets that produced a reasonable rate of return while continuing to preserve principal. Miller v. Bank of America, N.A., 2014-NMCA-053, cert. granted, 2014-NMCERT-005.

TITLE OF DOCUMENT: COMPLAINT AGAINST AZTEC WELL SERVICING INC. FOR BREACHES OF FIDICUARY DUTIES AND ISSUES RELATED TO ACCOUNTING OF BUSINESS AND FAMILY TRUSTS                                                    CASE NO.: _____

1

2    **CLAIM 3 – Breach of trust for breaching the Duty of Loyalty**

3        NM Stat § 46A-8-802 (2018)

4        **46A-8-802. Duty of loyalty.**

5            A. A trustee shall administer the trust solely in the interests of the beneficiaries.

6            B. Subject to the rights of persons dealing with or assisting the trustee as provided in

7    Section 46A-10-1012 NMSA 1978, a sale, encumbrance or other transaction involving the

8    investment or management of trust property entered into by the trustee for the trustee's own

9    personal account or that is otherwise affected by a conflict between the trustee's fiduciary and

10   personal interests is voidable by a beneficiary affected by the transaction unless:

11           (1) the transaction was authorized by the terms of the trust;

12           (2) the transaction was approved by the court;

13           (3) the beneficiary did not commence a judicial proceeding within the time allowed by

14   Section 46A-10-1005 NMSA 1978;

15           (4) the beneficiary consented to the trustee's conduct, ratified the transaction or released

16   the trustee in compliance with Section 46A-10-1009 NMSA 1978; or

17           (5) the transaction involved a contract entered into or claim acquired by the trustee before

18   the person became or contemplated becoming trustee.

19           C. A sale, encumbrance or other transaction involving the investment or management of

20   trust property is presumed to be affected by a conflict between personal and fiduciary

21   interests if it is entered into by the trustee with:

22           (1) the trustee's spouse;

23           (2) the trustee's descendants, siblings, parents or the spouse of any of them;

24           (3) an agent or attorney of the trustee; or

25

26

27   TITLE OF DOCUMENT: COMPLAINT AGAINST AZTEC WELL SERVICING INC. FOR

28   BREACHES OF FIDICUARY DUTIES AND ISSUES RELATED TO ACCOUNTING OF
     BUSINESS AND FAMILY TRUSTS                                                  CASE NO.: _____

     PAGE NO. 11 OF _17_   [JDC TEMPLATE]

1      (4) a corporation or other person or enterprise in which the trustee, or a person that owns

2      a significant interest in the trustee, has an interest that might affect the trustee's best

3      judgment.

4          D. A transaction between a trustee and a beneficiary that does not concern trust property

5      but that occurs during the existence of the trust or while the trustee retains significant

6      influence over the beneficiary and from which the trustee obtains an advantage is voidable by

7      the beneficiary unless the trustee establishes that the transaction was fair to the beneficiary.

8          E. A transaction not concerning trust property in which the trustee engages in the trustee's

9      individual capacity involves a conflict between personal and fiduciary interests if the

10     transaction concerns an opportunity properly belonging to the trust.

11         F. An investment by a trustee in securities of an investment company or investment trust

12     to which the trustee, or its affiliate, provides services in a capacity other than as trustee is not

13     presumed to be affected by a conflict between personal and fiduciary interests if the

14     investment otherwise complies with the Uniform Prudent Investor Act [45-7-601 NMSA

15     1978]. In addition to its compensation for acting as trustee, the trustee may be compensated

16     by the investment company or investment trust for providing those services out of fees

17     charged to the trust. If the trustee receives compensation from the investment company or

18     investment trust for providing investment advisory or investment services, the trustee at least

19     annually shall notify the persons entitled under Section 46A-8-813 NMSA 1978 to receive a

20     copy of the trustee's annual report of the rate and method by which the compensation was

21     determined.

22         G. In voting shares of stock or in exercising powers of control over similar interests in

23     other forms of enterprise, the trustee shall act in the best interests of the beneficiaries. If the

24     trust is the sole owner of a corporation or other form of enterprise, the trustee shall elect or

25     appoint directors or other managers who will manage the corporation or enterprise in the best

26     interests of the beneficiaries.

27

28    TITLE OF DOCUMENT: COMPLAINT AGAINST AZTEC WELL SERVICING INC. FOR
BREACHES OF FIDICUARY DUTIES AND ISSUES RELATED TO ACCOUNTING OF
BUSINESS AND FAMILY TRUSTS                  CASE NO.: _____

1    H. This section does not preclude the following transactions, if fair to the beneficiaries:

2    (1) an agreement between a trustee and a beneficiary relating to the appointment or

3    compensation of the trustee;

4    (2) payment of reasonable compensation to the trustee;

5    (3) a transaction between a trust and another trust, decedent's estate or conservatorship of

6    which the trustee is a fiduciary or in which a beneficiary has an interest;

7    (4) a deposit of trust money in a regulated financial-service institution operated by the

8    trustee; or

9    (5) an advance by the trustee of money for the protection of the trust.

10   I. The court may appoint a special fiduciary to make a decision with respect to any

11   proposed transaction that might violate this section if entered into by the trustee.

12   History: Laws 2003, ch. 122, § 8-802; 2007, ch. 128, § 21.

13   **ANNOTATIONS**

14   **The 2007 amendment.** effective July 1, 2007, adds Paragraph (3) of Subsection B and

15   requires the trustee to notify the persons entitled to receive the trustee's annual report if the

16   trustee receives compensation for providing investment or advisory services from an

17   investment company or investment trust in which the trustee has invested trust funds.

18   **Breach of the duty of loyalty.** — A transaction involving a conflict of interest in breach

19   of the duty of loyalty is voidable at the beneficiary's option, and voiding such a transaction

20   will require the trustee to disgorge personal profit gained through the breach if that profit

21   would not have been earned had the transaction never occurred; the beneficiary is entitled to

22   this profit, even if the transaction did not cause any loss to the trust. Miller v. Bank of

23   America, 2015-NMSC-022, *rev'g* 2014-NMCA-053, 326 P.3d 20.

24   Where trustee bank, in a breach of its duty of care, invested trust assets in an

25   unproductive commercial building in direct violation of express trust provisions, which

26   caused an $894,000 loss in the value of the trust, arranged loans to the trust from the bank's

27

28   TITLE OF DOCUMENT: COMPLAINT AGAINST AZTEC WELL SERVICING INC. FOR
BREACHES OF FIDICUARY DUTIES AND ISSUES RELATED TO ACCOUNTING OF
BUSINESS AND FAMILY TRUSTS                                         CASE NO.: _____

1    own affiliates that were secured by mortgages on the building, and collected loan fees and

2    mortgage interest from the trust in breach of its duty of loyalty, and where the district court

3    awarded $171,000 in damages without discussing the actual method of calculation for the

4    restoration award, the court of appeals reversed the district court and awarded plaintiffs

5    $894,000 to restore the value of the trust, but did not award disgorgement damages, holding

6    that an award of restoration damages and disgorgement damages would amount to a double

7    recovery. The New Mexico supreme court reversed the court of appeals, holding that both

8    restoration and disgorgement damages were required under the New Mexico Uniform Trust

9    Code, and remanded the case back to the district court for a recalculation of damages because

10   it was unclear whether disgorgement damages, the mortgage interest and loan fees paid to the

11   trustee, were included in the calculation of the restoration award. Miller v. Bank of

12   America, 2015-NMSC-022, *rev'g* 2014-NMCA-053, 326 P.3d 20.

13

14   **Claim 3 – Breach of trust for breaching impartiality.**

15      2013 New Mexico Statutes

16      Chapter 46A - Uniform Trust Code

17      Article 8 - Duties and Powers of Trustee

18      Section 46A-8-803 - Impartiality. (2003)

19      46A-8-803. Impartiality. (2003)

20      If a trust has two or more beneficiaries, the trustee shall act impartially in investing,

21   managing and distributing the trust property, giving due regard to the beneficiaries'

22   respective interests.   History: Laws 2003, ch. 122, § 8-803.

23

24      **REQUEST FOR RELIEF**

25

26

27

28

TITLE OF DOCUMENT: COMPLAINT AGAINST AZTEC WELL SERVICING INC. FOR
BREACHES OF FIDICUARY DUTIES AND ISSUES RELATED TO ACCOUNTING OF
BUSINESS AND FAMILY TRUSTS                                   CASE NO.: _____

1. Compel the defendants to provide the Plaintiff with a certified copy of the Business Trust of Aztec Well Servicing, Incorporated and if necessary provide access to the viewing of the original copy for the Plaintiff.

2. Compel the defendants to provide the Plaintiff with a certified copy of the Sandel Family Trust and if necessary provide access to the viewing of the original copy for the Plaintiff.

3. Compel the defendants to provide any and all accounting of the trust when requested by the plaintiff.

4. Compel the defendants to redress these breaches of trust and illegal stalking activities defines as terrorism to the plaintiff by paying the Plaintiff a sum of **TEN MILLION DOLLARS.**

5. Remove the defendants as trustees as provided in Section 46A-7-706 NMSA 1978.

6. Appoint a special fiduciary to take possession of the trust property and administer the trust.

7. As all specified in NM Stat § 46A-10-1001 (2017) . **2017     New     Mexico     Statutes** Chapter          46A          -          Uniform          Trust          Code Article 10 - Liability of Trustees and Rights of Persons Dealing with Trustees Section 46A-10-1001 - Breach of trust.

**46A-10-1001. Breach of trust.**

A. A violation by a trustee of a duty the trustee owes to a beneficiary is a breach of trust.

B. To remedy a breach of trust that has occurred or may occur, the court may:

(1) compel the trustee to perform the trustee's duties;

(2) enjoin the trustee from committing a breach of trust;

(3) compel the trustee to redress a breach of trust by paying money, restoring property or other means;

(4) order a trustee to account;

TITLE OF DOCUMENT: COMPLAINT AGAINST AZTEC WELL SERVICING INC. FOR BREACHES OF FIDICUARY DUTIES AND ISSUES RELATED TO ACCOUNTING OF BUSINESS AND FAMILY TRUSTS                                              CASE NO.: _____

1   (5) appoint a special fiduciary to take possession of the trust property and administer the trust;

2

3   (6) suspend the trustee;

4   (7) remove the trustee as provided in Section 46A-7-706 NMSA 1978;

5   (8) reduce or deny compensation to the trustee;

6   (9) subject to Section 46A-10-1012 NMSA 1978, void an act of the trustee, impose a
    lien or a constructive trust on trust property or trace trust property wrongfully
7   disposed of and recover the property or its proceeds; or

8   (10) order any other appropriate relief.

9
    **History:** Laws 2003, ch. 122, 10-1001; 2007, ch. 128, 25.
10

11

12

13   <u>**DEMAND FOR JURY TRIAL**</u>

14   1.   The Plaintiff in this case respectfully requests from this court a jury trial in this case and

15        in doing so exercising plaintiffs right for a jury trial.

16

17   <u>EXHIBITS</u>

18   <u>Exhibit One – (See Attached Document – Letter to Mr Ochoa)</u>

19

20

21

22

23

24

25

26

27   TITLE OF DOCUMENT: <u>COMPLAINT AGAINST AZTEC WELL SERVICING INC. FOR</u>
     <u>BREACHES OF FIDICUARY DUTIES AND ISSUES RELATED TO ACCOUNTING OF</u>
28   <u>BUSINESS AND FAMILY TRUSTS</u> _____ CASE NO.: _____

Date: __02/08/2022_____ Sign Name: _____

Print Name: Jeffrey Wayne Sandel

TITLE OF DOCUMENT: COMPLAINT AGAINST AZTEC WELL SERVICING INC. FOR
BREACHES OF FIDICUARY DUTIES AND ISSUES RELATED TO ACCOUNTING OF
BUSINESS AND FAMILY TRUSTS_____ CASE NO.: _____