# EXHIBIT A

Aztec Well Servicing Inc.
Attn: Mr. Chris Ocha
300 Legion Rd Aztec, NM, 87410-4543

Mr. Ocha,

This office is requesting one time and one time only a verifiable copy of the "BUSINESS TRUST" instrument from Aztec Well Servicing, Inc. Located at
300 Legion Road
Aztec, New Mexico.

This matter may be automatically filed in court as a violation of the FUTURE QUALIFIED BENEFICIARY'S RIGHTS, UNDER NEW MEXICO AND FEDERAL LAW IF NOT COMPLIED WITH IMMEDIATELY.

The FUTURE QUALIFIED BENEFICIARY in question, JEFFREY WAYNE SANDEL has suffered from a great emotional and then financial or otherwise hardship from the extreme negligence of the TRUSTEE IN QUESTION, MR. JERRY WAYNE SANDEL, and this is not a "laughing matter".

The BUSINESS TRUST in question has been incorporated WITHIN the Sandel Family Trust, which is REGULATED UNDER STATE THEN FEDERAL LAW in New Mexico and then the UNITED STATES of America.

And under this SET OF LAWS the TRUSTEE in question, Mr. Jerry Sandel and/or the "business in question" must provide its beneficiaries with this information under New Mexico statute:

2011 New Mexico Statutes
Chapter 46A: Uniform Trust Code
Article 8: Duties and Powers of Trustee, 46A-8-801 through 46A-8-817
Section 46A-8-813: Duty to inform and report.

Universal Citation: NM Stat § 46A-8-813 (1996 through 1st Sess 50th Legis)

46A-8-813. Duty to inform and report.

A. A trustee shall keep the qualified beneficiaries of the trust reasonably informed about the administration of the trust and of the material facts necessary for them to protect their interests. Unless unreasonable under the circumstances, a trustee shall promptly respond to a beneficiary's request for information related to the administration of the trust.

B. A trustee:

(1) upon request of a beneficiary, shall promptly furnish to the beneficiary a copy of the trust instrument;

(2) within sixty days after accepting a trusteeship, shall notify the qualified beneficiaries of the acceptance and of the trustee's name, address and telephone number;

(3) within sixty days after the date the trustee acquires knowledge of the creation of an irrevocable trust, or the date the trustee acquires knowledge that a formerly revocable trust has become irrevocable, whether by the death of the settlor or otherwise, shall notify the qualified beneficiaries of the trust's existence, of the identity of the settlor or settlors, of the right to request a copy of the trust instrument and of the right to a trustee's report as provided in Subsection C of this section; and

(4) shall notify the qualified beneficiaries in advance of any change in the method or rate of the trustee's compensation.

C. A trustee shall send to the distributees or permissible distributees of trust income or principal, and to other qualified or nonqualified beneficiaries who request it, at least annually and at the termination of the trust, a report of the trust property, liabilities, receipts and disbursements, including the source and amount of the trustee's compensation, a listing of the trust assets and, if feasible, their respective market values. Upon a vacancy in a trusteeship, unless a co-trustee remains in office, a report must be sent to the qualified beneficiaries by the former trustee. A personal representative, conservator or guardian may send the qualified beneficiaries a report on behalf of a deceased or incapacitated trustee.

D. A beneficiary may waive the right to a trustee's report or other information otherwise required to be furnished under this section. A beneficiary, with respect to future reports and other information, may withdraw a waiver previously given.

E. Paragraphs (2) and (3) of Subsection B of this section do not apply to a trustee who accepts a trusteeship before July 1, 2003, to an irrevocable trust created before July 1, 2003 or to a revocable trust that becomes irrevocable before July 1, 2003.

F. A knowing waiver by a settlor of the duties of the trustee to inform and report to beneficiaries under the Uniform Trust Code [46A-1-101 NMSA 1978] is effective, but only while the trustee is a regulated financial service institution qualified to do trust business in New Mexico. The knowing waiver must be conspicuous, must be contained in the terms of the trust or of a separate affidavit signed by the settlor and must state that the settlor has been informed of the risks and consequences of the waiver and that the settlor nevertheless directs that the reports and information be withheld by the trustee. As used in this subsection, "conspicuous" means conspicuous as defined in Section 55-1-201 NMSA 1978. The knowing waiver may direct that the reports and information be withheld:

(1) in whole or in part;

(2) from one or more beneficiaries or classes of beneficiaries, qualified or otherwise;

(3) in all events;

(4) until the occurrence of a date, event or contingency;

(5) in the sole and absolute discretion of the trustee or another person or both; or

(6) subject to more than one of the restrictions in Paragraphs (1) through (5) of this subsection.

This information MUST be sent to us *via* email and a scanned verifiable copy will be fine at first.

Send immediately to the following enail address:

jeffwaynelaw@gmail.com

Thank you for your assistance with this matter.

I may be contacted at the following phone number if there are ANY comments, questions, or concerns WITH THIS HIGHLY TIME IMPORTANT BUSINESS MATTER OF CRITICAL IMPORTANCE TO ME: 619-901-4342

Warmest regards,
JEFFREY WAYNE SANDEL