UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY WAYNE SANDEL,<br>Plaintiff,<br>v.<br>JERRY WAYNE SANDEL,<br>Defendant. | Case No. 22-cv-00981-JSC<br><br>**DISMISSAL ORDER**<br>Re: Dkt. No. 19 |

Jeffrey Wayne Sandel, proceeding without counsel, brings this civil action for breach of trust and breach of fiduciary duty under New Mexico state law against Jerry Wayne Sandel, in his capacity as Trustee of the Jerry W. and Nancy M. Sandel Trusts and Business Trusts of Aztec Well Servicing, Inc. The Court previously granted Plaintiff's application to proceed in forma pauperis and screened his complaint under 28 U.S.C. § 1915(e)(2). (Dkt. Nos. 5, 6.) The Court concluded that Plaintiff's complaint failed to state a claim because he had not named the trustee as a defendant and thus could not state a viable claim for breach of trust. (Dkt. No. 6 at 3.) Plaintiff filed an amended complaint (Dkt. No. 7) and second amended complaint (Dkt. No. 8). After reviewing the complaints, the Court concluded that they failed to state a claim upon which relief can be granted and failed to allege a basis for personal jurisdiction over Defendant. (Dkt. No 16.) The Court thus ordered Plaintiff to file a third amended complaint and brief showing how the facts alleged in the third amended complaint supported personal jurisdiction over Defendant Jerry Wayne Sandel. (*Id*. at 6.) Plaintiff has since filed a Third Amended Complaint and brief regrading personal jurisdiction. (Dkt. Nos. 19, 20.) Having reviewed Plaintiff's Third Amended Complaint and brief, the Court concludes that Plaintiff's allegations fail to state a claim and fail to establish a basis for personal jurisdiction. The Court thus dismisses Plaintiff's complaint without

leave to amend.

## THIRD AMENDED COMPLAINT ALLEGATIONS

Plaintiff alleges the Court has personal jurisdiction over Defendant Jerry Wayne Sandel because he owns property in California and "he keeps minimum contacts in California, in the form of attorneys contacts." (Dkt. No. 20 at 2.)

With respect to his legal claims, Plaintiff has omitted many of the factual allegations contained in the prior versions of his complaints. (Dkt. Nos. 1, 7, 8.) The allegations that form the basis for his breach of trust claim(s) are that:

> The defendant has committed countless breaches of trust against the defendant. But most important to the defendant at this time is the breaches of trust for failure to report and inform and breach of Fidicuary [sic] Duty. The defendant has made many requests for reports and information from the Sandel Family Trust(s), in the last year alone at least ten times. The defendant has ignored these requests completely from the defendant and has glaringly breached the duties trusteeship as the sole trustee of the Sandel Family Trust(s).

(Dkt. No. 20 at 6.)

## LEGAL STANDARD

The Court has a continuing duty to dismiss any case in which a party is proceeding in forma pauperis upon a determination that the case is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The standard of review under 28 U.S.C. § 1915(e)(2) mirrors that of Rule 12(b)(6). *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000).

Thus, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). To avoid dismissal, a complaint must contain more than "naked assertion[s]," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-57. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Iqbal*, 556 U.S. at 678. When a plaintiff files a complaint without being represented by a lawyer, the court must "construe the pleadings liberally ... to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (internal quotation marks and citation omitted).

## JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Further, as courts of limited jurisdiction, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332. Here, Plaintiff invokes diversity jurisdiction contending that he is a resident of California, Defendant is a resident of New Mexico, and the amount in controversy is more than $75,000. (Dkt. No. 20 at 2.)

## DISCUSSION

As with the prior versions of his complaints, there are two primary issues with Plaintiff's Third Amended Complaint. First, Plaintiff has not adequately alleged a legal basis for his claims. Second, Plaintiff has not shown that the Court has personal jurisdiction over Defendant.

### A. Failure to State a Claim

Plaintiff's second amended complaint identified the several New Mexico statutes as forming the basis for his claims: (1) breach of trust, failure to report and inform in violation of N.M. Stat. Ann. § 46A-8-813; (2) breach of trust, breach of fiduciary duty in violation of N.M. Stat. Ann. § 46A-10-1002; (3) breach of fiduciary duty, breach of duty of loyalty in violation of N.M. Stat. Ann.§ 46A-8-802; and (4) breach of trust, breach of impartiality in violation of N.M. Stat. Ann. § 46A-8-803. (Id. at 7-16.) (Dkt. No. 8 at 7-16.)  In its prior Order, the Court concluded that Plaintiff had failed to allege sufficient facts to state a claim under these statutes. (Dkt. No. 16 at 4.)

In his Third Amended Complaint, Plaintiff includes even fewer allegations and has omitted

3

reference to any particular statute as giving rise to his legal claims. Instead, he alleges in a cursory fashion that Defendant has committed "countless breaches of trust" including "breaches of trust for failure to report and inform and breach of fiduciary duty." (Dkt. No. 20 at 6.) These vague allegations fail to state a legal claim. Further, because Plaintiff has been granted multiple opportunities to amend his complaints to state a claim for relief, the Court concludes that further leave to amend would be futile. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

### B. Plaintiff Has Not Alleged a Basis for Personal Jurisdiction

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 571 U.S. 117, 124 (2014). Where "there is no applicable federal statute governing personal jurisdiction, the law of the state in which the district court sits applies." *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003) (citations omitted). Personal jurisdiction is proper if it is "consistent with [California's] long-arm statute and if it comports with due process of law." *Boschetto v. Hansing*, 539 F.3d 1011, 1020–21 (9th Cir. 2008). Under California's long-arm statute, a federal court may exercise personal jurisdiction over a defendant to the extent permitted by the Due Process Clause of the Constitution. Cal. Code Civ. Proc. § 410.10; *Panavision v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). "For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "In judging minimum contacts, a court properly focuses on 'the relationship among the defendant, the forum, and the litigation.'" *Calder v. Jones*, 465 U.S. 781, 788 (1984) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)).

Personal jurisdiction may be either general or specific. *See Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). The Supreme Court has explained that a "court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and

systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citing *Int'l Shoe*, 326 U.S. at 317). On the other hand, "[s]pecific jurisdiction ... depends on an 'affiliatio[n] between the forum and the underlying controversy,' principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id*. (alteration in original; citation omitted). Thus, a court may exercise specific personal jurisdiction over a nonresident defendant if: (1) the nonresident defendant purposefully directs his activities at the forum or performs some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the plaintiff's claim arises out of the forum-related activities of the nonresident defendant; and (3) the exercise of jurisdiction over the nonresident defendant is reasonable. *Schwarzenegger*, 374 F.3d at 802.

Plaintiff fails to allege facts supporting either general or specific jurisdiction over Defendant Jerry Sandel. As to general jurisdiction, Plaintiff does not allege that Defendant resides in California or that he has "continuous and systematic contacts that approximate physical presence" here. Instead, Plaintiff alleges that Defendant "owns and manages real estate property in California this one being in the form of a dissolved land development limited liability company named SWH Land Development LLC." (Dkt. No. 20 at 2.) Plaintiff, however, does not allege a relationship between Defendant and SWH Land Development LLC—the entity which he says owned the property in California. Instead, he alleges that the address for this company is the address for Defendant's daughter who is the registered agent for SWH Land Development LLC. (*Id*.) Further, Plaintiff alleges that this company was a Colorado company that has since been dissolved. These allegations fail to establish continuous and systematic contacts sufficient to give rise to general jurisdiction over Defendant Jerry Sandel.

Plaintiff also has not alleged a basis for specific jurisdiction over Defendant Jerry Sandel. His allegations of minimum contacts are based on Defendant having hired a law firm "to investigate this very case," as well as allegations that Defendant hired other attorneys based in California to represent him in other cases brought by Plaintiff. (*Id*. at 2-3.) These allegations are insufficient to demonstrate that Defendant purposefully directed his activities at the forum or

performed some act by which he purposefully availed himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; nor are there any allegations that Plaintiff's claim(s) "arises out of" Defendant having hired a law firm to investigate this (or other) cases initiated by Plaintiff.  *Schwarzenegger*, 374 F.3d at 802.

Accordingly, despite being given leave to amend to do so, Plaintiff has failed to allege facts demonstrating that the Court has personal jurisdiction over Defendant Jerry Sandel.  *See Manzarek*, 519 F.3d at 1031.

## CONCLUSION

For the reasons stated above, Plaintiff's Third Amended Complaint is dismissed without leave to amend.

The Clerk shall enter judgment by separate order.

**IT IS SO ORDERED.**

Dated: October 4, 2022

_____
JACQUELINE SCOTT CORLEY
United States District Judge